IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JENNINE LABUZAN-DELANE                PLAINTIFF

v.                CIVIL ACTION NO: 4:22-CV-149-SA-DAS

COCHRAN & COCHRAN LAND CO., INC.,
COCHRAN FARMS, INC., LAKELAND
FARMS, LLC, GREENLEE FAMILY, LLC,
JENNINGS FARMS, INC and
DAVID T. COCHRAN                   DEFENDANTS

ORDER

On September 23, 2022, Jennine Labuzan-Delane, who is proceeding *pro se*, initiated this lawsuit by filing her Complaint [1]. On February 2, 2023, she filed her First Amended Complaint [41]. Now before the Court is the Greenlee Family's Motion for Sanctions [60].[1] Labuzan-Delane has not responded to the Motion [60], and the time to do so has long passed. Having reviewed the parties' filings and applicable authorities, the Court is prepared to rule.

*Relevant Factual Background*

The Court discussed the background of this case in its Order and Memorandum Opinion [93] and sees no need to regurgitate the entire factual basis giving rise to this lawsuit. But the Court does find it appropriate to briefly provide context of the ejectment claim Labuzan-Delane asserted and the Court's disposition of her claim.

In her Complaint [1], Labuzan-Delane alleged that the Greenlee Family, Lakeland Farms, and the Cochran Defendants were wrongfully occupying and claiming ownership of land that she inherited from her great-great-great grandfather, Charles Augustus Labuzan, which he received through a federal land patent. The crux of Labuzan-Delane's argument was that patented land

---

[1] The Cochran Defendants filed a Joinder to the Motion for Sanctions [60]. *See* [62].

cannot be sold. Conversely, the Defendants contended that Labuzan-Delane was not the rightful owner of the land because Mr. Labuzan conveyed away his interest in 1848. In its Order [93], the Court dismissed Labuzan-Delane's ejectment claim after concluding that Mr. Labuzan sold his interest in 1848 and the patent did not guarantee her family an interest in the land forever.

The Greenlee Family and the Cochran Defendants allege that Labuzan-Delane filed a frivolous complaint in violation of Federal Rule of Civil Procedure Rule 11(b)(2) and request that the Court impose sanctions pursuant to Rule 11.

*Analysis and Discussion*

As indicated above, the Greenlee Family and the Cochran Defendants are seeking sanctions against Labuzan-Delane pursuant to Rule 11 on the basis that she filed a frivolous complaint and her ejectment claim is "[b]ased on a theory that is unwarranted 'by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" [60] at p. 3 (quoting FED. R. CIV. P. 11(b)(2)).

"Rule 11 does not require a court to sanction a party or an attorney for conduct violating its requirements. However, it does allow a court latitude to 'impose appropriate sanctions.'" *Annamalai v. Moon Credit Corp.*, 2017 WL 5646925, at *2 (S.D. Tex. Apr. 21, 2017) (quoting FED. R. CIV. P. 11(c)) (additional citations omitted). "The purpose of rule is to deter baseless filings in district court … and … to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Ellis v. Clarksdale Pub. Utilities*, 2021 WL 4317670, at *1 (N.D. Miss. Sept. 22, 2021). "[O]nce a court finds that counsel or an unrepresented party has violated Rule 11, it has discretion to impose an appropriate sanction." *Jabary v. McCullough*, 325 F.R.D. 175, 182-83 (E.D. Tex. 2018). Rule 11 "sanctions are normally reserved 'for rare and exceptional case where the action is clearly frivolous, legally unreasonable, or without legal foundation or brought for an

improper purpose.' It is an extraordinary remedy, one to be exercised with extreme caution." *Ellis*, 2021 WL 4317670 at *2 (quoting *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1987)).

The Defendants argue that Labuzan-Delane's Complaint [1] is frivolous because her interpretation of the law that patented land remains in a family forever is incorrect and Mr. Labuzan conveyed away his interest in 1848. According to the Defendants, they have collectively sent Labuzan-Delane four letters via certified mail informing her that her interpretation of the law is wrong and demanding her to dismiss her complaint, which she has refused to do. They further allege that she filed a quitclaim deed (from herself as grantor to herself as grantee) which has clouded the Defendants' title to the subject property. The Defendants contend that these actions warrant sanctions to deter meritless filings and to compensate the Defendants for litigation costs and costs associated with correcting the cloud placed on the title.

Rule 11 sanctions may be imposed where a *pro se* litigant has a history of filing *multiple* frivolous claims. *Mendoza v. Lynaugh*, 989, F.2d 191, 195-97 (5th Cir. 1993) (emphasis added). However, a *pro se* litigant must first be warned before sanctions are imposed. *Id.*

In *Farguson v. MBank Houston, N.A.*, the Fifth Circuit upheld a district court's imposition of sanctions on the basis that the *pro se* plaintiff continued to file frivolous claims against the defendant. 808 F.2d 358 (5th Cir. 1986). The Fifth Circuit held that "[o]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.* at 359.

There have been instances that this Court and other courts in this circuit have imposed sanctions on vexatious *pro se* litigants. *See, e.g., Prewitt v. Alexander*, 173 F.R.D. 438 (N.D. Miss. 1996) (imposing monetary sanctions on a *pro se* plaintiff after multiple frivolous filings);

3

*Annamalai v. Moon Credit Corp.*, 2017 WL 5646925 (S.D. Tex. Apr. 21, 2017). However, the Court notes that those cases involved circumstances where the court had previously imposed sanctions or otherwise put the *pro se* litigant on notice that he could be sanctioned if he continued to file frivolous claims. That is not the case here.

This is Labuzan-Delane's first time initiating a lawsuit against the Defendants. Additionally, there is no evidence that Labuzan-Delane has been previously sanctioned or warned (through a court order) that sanctions could be imposed for her alleged frivolous filings. At this stage, the Court does not find Labuzan-Delane to be a "vexatious" litigant. Furthermore, although the Court concluded in its Order [93] that her interpretation of the law was incorrect, that error does not warrant sanctions under Rule 11.

The Fifth Circuit has held that when determining whether to impose sanctions, a district court may consider the *pro se* status of a litigant. *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988). Moreover, the Supreme Court had held that *pro se l*itigants are held to a less stringent standard when they are proceeding without the benefit of counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972)). In light of the Court's ruling set forth above, as well as taking into account Labuzan-Delane's *pro se* status, the Court does not find sanctions appropriate at this time.

*Conclusion*

For the reasons set forth above, the Greenlee Family and the Cochran Defendants' Motion for Sanctions [60] is DENIED.

SO ORDERED, this the 16th day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE