IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JENNINE LABUZAN-DELANE                                          PLAINTIFF

v.                                          CIVIL ACTION NO: 4:22-CV-149-SA-DAS

COCHRAN & COCHRAN LAND CO., INC.,
COCHRAN FARMS, INC., LAKELAND
FARMS, LLC, GREENLEE FAMILY, LLC,
JENNINGS FARMS, INC., and
DAVID T. COCHRAN                                               DEFENDANTS

ORDER AND MEMORANDUM OPINION

On September 25, 2022, Jennine Labuzan-Delane initiated this action by filing her *pro se*

Complaint [1]. On February 2, 2023, she filed her First Amended Complaint [41], wherein she

named the following Defendants: Greenlee Family, LLC; Lakeland Farms, LLC; Cochran &

Cochran Land Co., Inc.; Cochran Farms, Inc.; Jennings Farms, Inc.; and David T. Cochran

(collectively "the Defendants").[1] Now before the Court are the Defendants' Motions for Summary

Judgment [101, 103, 114] as to their counterclaims. Having reviewed the filings, as well as the

applicable authorities, the Court is prepared to rule.

*Relevant Factual Background*

The Court discussed the background of this case in its previous Order and Memorandum

Opinion [93] and sees no need to regurgitate the entire factual basis giving rise to this lawsuit. But

the Court does find it appropriate to briefly provide context of the ejectment claim Labuzan-Delane

asserted and the Court's disposition of her claim.

---

[1] The Court notes that Cochran & Cochran Land Co., Inc.; Cochran Farms, Inc.; Jennings Farms, Inc.; and
David T. Cochran are all represented by the same counsel and have made their filings jointly. For the sake
of clarity, the Court will refer to these Defendants as "the Cochran Defendants."

In her Amended Complaint [41], Labuzan-Delane set forth one claim of ejectment, asserting that the Defendants were wrongfully occupying land that her ancestor, Charles A. Labuzan, acquired through a federal land patent. The Defendants subsequently filed their Answers [46, 52, 54] which included counterclaims. Thereafter, the Defendants filed Motions for Summary Judgment [58, 68] seeking dismissal of Labuzan-Delane's ejectment claim.

In its Order and Memorandum Opinion [93], the Court granted summary judgment and dismissed Labuzan-Delane's ejectment claim. The Court ultimately concluded that Mr. Labuzan sold his share of the subject land in 1848 and that Labuzan-Delane therefore had no right to the land. The Court also held that the doctrine of adverse possession foreclosed any claim Labuzan-Delane may have.

At that time, the Court made no ruling whatsoever as to the Defendants' counterclaims. Greenlee Family, Lakeland Farms, and the Cochran Defendants assert counterclaims for slander of title and removal of cloud on title. Lakeland Farms asserts two additional counterclaims for adverse possession and a violation of the Mississippi Litigation Accountability Act. Through their present Motions [101, 103, 114], the Defendants seek summary judgment in their favor on their counterclaims.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

As noted above, the Defendants assert several counterclaims. The Court will address each counterclaim in turn.

I.      *The Defendants' Slander of Title Counterclaim*

"To succeed in an action for slander of title, a claimant must show that another has *falsely* and *maliciously* published statements that disparage or bring into question the claimant's right of title to the property, thereby causing special damage to the claimant." *Mize v. Westbrook Const. Co. of Oxford, LLC*, 146 So. 3d 344, 348 (Miss. 2014) (emphasis in original). "The slander may

3

consist of a writing, a printing, or words of mouth, but they will provide grounds for a cause of action only if the statements have been made *falsely* and *maliciously*." *Id.* (emphasis in original).

"Malice… may be inferred by one's actions." *Id.* "Malice exists in the mind and usually is not susceptible of direct proof. The law determines malice by external standards; a process of drawing inferences by applying common knowledge and human experience to a person's statements, acts, and the surrounding circumstances." *Phelps v. Clinkscales*, 247 So. 2d 819, 821 (Miss. 1971).

The Defendants argue that from the outset Labuzan-Delane's lawsuit has been frivolous because she knows that she is not the rightful owner of the land. They further contend that Labuzan-Delane slandered their titles when she knowingly filed a quitclaim deed from herself as grantor to herself as grantee even though she has no claim to the land. Simply put, the Defendants take the position that the deed was filed falsely and maliciously, thus meeting the elements for a slander of title claim. To support their position, the Defendants rely on the Court's Order and Memorandum Opinion [93], wherein the Court held that Labuzan-Delane's ancestor sold his share of the land and dismissed her ejectment claim.

In response, Labuzan-Delane does not rebut the Defendants' slander of title argument. Instead, she contends that the Defendants have failed to meet their burden because their arguments are not supported by the record. In particular, she contends that the Defendants are unable to identify portions of the record to support their arguments because no such record exists. She alleges that there is no record because she was not given a chance to conduct discovery under Federal Rule of Civil Procedure Rule 26(f). In support of her position, Labuzan-Delane references emails she had with counsel for the Defendants, wherein she allegedly proposed that the parties come up with

a discovery plan to submit to the Court.[2] Defense counsel responded by informing Labuzan-Delane that it is generally left up to the Court to enter an Order directing the parties to confer about discovery.

Under Federal Rule of Civil Procedure 56(d), when facts are unavailable to the nonmovant (in this case Labuzan-Delane) the court may allow the nonmovant to conduct discovery "if [the] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56. The Fifth Circuit has also held that "the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Here, Labuzan-Delane had the burden to submit either an affidavit or a declaration to the Court requesting discovery. However, no such request was made. While her Response [105] includes email correspondence between the parties inquiring about discovery, those emails do not comply with the Rule 56(d) standard. Although Labuzan-Delane is proceeding *pro se* and therefore is entitled to *some* leniency, she still must comply with the applicable rules. *See*, *e.g.*, *Miller v. Tower Loan of Miss., LLC*, 2022 WL 3093292, at *2 (N.D. Miss. Aug. 3, 2022) ("[A] litigant's *pro se* status does not negate the duty to comply with general rules of litigation."); *see also Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002).

---

[2] For context, this argument comes from Labuzan-Delane's Response [105] to Greenlee's Motion for Summary Judgment [101]. She makes this same exact argument to both Lakeland Farms and the Cochran Defendants' Motions for Summary judgment [103, 114]. *See* [108, 122].

Considering that Labuzan-Delane did not comply with the requisite standard to seek discovery under Rule 56(d) and she did not otherwise oppose the Defendants' request for summary judgment on the slander of title counterclaims in terms of competent summary judgment evidence, along with the fact that the Defendants have provided competent evidence to support their claims, the Court finds the Defendants' requests to be well-taken. The Defendants' Motions for Summary Judgment [101, 103, 114] as to their slander of title counterclaim are GRANTED.

II.     *The Defendants' Removal of Cloud on Title Counterclaim*

"In suits to confirm title, or to remove clouds, it is the duty of claimant to deraign title." *Dixon v. Parker*, 831 So. 2d 1202, 1204 (Miss. Ct. App. 2002) (citing *Russell v. Town of Hickory*, 76 So. 825 (Miss. 1917)). "To have title confirmed, the claimant must either be in possession or the property must be occupied." *Id.*

The Defendants argue that they are the rightful owners of their respective tracts of the land and therefore Labuzan-Delane is clouding their titles. Attached to their Motions [101, 103, 114], the Defendants include the deraignments of title for each of their tracts. *See* [101], Ex. 8-9; [103], Ex. 3; [114], Ex. 5-15. These exhibits appear to be excerpts from the Land Deed Record Book from Washington County, Mississippi. According to the exhibits, Greenlee Family owns two parcels of land, Lakeland Farms own one parcel of land, and the Cochran Defendants own eleven parcels of land. Based on this evidence, the Defendants seek to have their titles confirmed. The Defendants rely on a ruling from the District Court for the Southern District of Mississippi, wherein the district court confirmed a counter-plaintiff's title via a slander of title claim against a counter-defendant. *Brown v. Mann*, 2006 WL 3825234, at *4 (S.D. Miss. Dec. 27, 2006).

Labuzan-Delane makes the same argument for this claim as she did the slander of title claim—that the Defendants have not met their summary judgment burden because she did not get

6

the chance to conduct discovery. For the same reasons articulated above, this argument is unavailing.

Section 11-17-35 of the Mississippi Code provides, in pertinent part:

> In bills to confirm title to real estate, and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of his title…A mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title. In all such cases, final decrees in the complainant's favor shall be recorded in the record of deeds…

MISS. CODE ANN. § 11-17-35.

Here, the Defendants do not simply state that they are the rightful owners of their tracts. They also provide the Court with copies of title deraignments showing how each of the tracts were acquired. The deraignments have also been recorded and notarized in the Land Deed Record Book in Washington County, Mississippi. In the Court's view, the Defendants have properly deraigned their titles. And, as indicated above, Labuzan-Delane has provided no competent summary evidence to the contrary.

The Defendant' Motions for Summary Judgment [101, 103, 114] as to their removal of cloud on title counterclaim are GRANTED.

Having resolved the claim, the Court turns to the issue of removing the cloud. First, the Court finds that the quitclaim deed filed on April 25, 2022 from Labuzan-Delane as grantor to herself as grantee is null and void. The Court further finds it appropriate for the Defendants to prepare separate quitclaim deeds in their favor for Labuzan-Delane to execute to be filed in the land records in Washington County, Mississippi. The Defendants shall prepare and mail, via certified mail, the deeds (and other documentation if appropriate) for Labuzan-Delane to execute. Once the Defendants mail the deeds, they shall file a Notice of Service indicating the same on the

docket. Labuzan-Delane shall execute the deeds in front of a notary and return the deeds to the Defendants via certified mail within twenty-one (21) days of receipt.[3]

### III.    *Lakeland Farms' Adverse Possession Counterclaim*

Lakeland Farms assert a counterclaim for adverse possession. In its previous Order and Memorandum Opinion [93], the Court held that the doctrine of adverse possession would foreclose any claim that Labuzan-Delane may have. Lakeland Farms Motion for Summary Judgment [103] as to its adverse possession counterclaim is GRANTED.

### IV.    *Lakeland Farms' Mississippi Litigation Accountability Act Counterclaim*

Lakeland Farms seeks attorney's fees and other costs under the Mississippi Litigation Accountability Act. In reference to awarding costs for meritless actions, the Mississippi Litigation Accountability Act provides, in pertinent part:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interpreted for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

MISS. CODE ANN. § 11-55-5(1).

The Act goes on to address recovering fees from *pro se* litigants:

> No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorney's fees unless the court finds that the party clearly knew or reasonably should have known that such party's actions, claim or defense or any part of it was without substantial justification.

---

[3] Should the Defendants desire another mechanism to remove the cloud, they shall file a motion outlining their request for the Court's consideration.

MISS. CODE ANN. § 11-55-5(4).

As a basis for its request to recover under the Act, Lakeland Farms argues that Labuzan-Delane failed to disclose in her Amended Complaint [41] that her ancestor, Charles Labuzan, transferred his interest in the subject land in 1848. Lakeland Farms further contends that Labuzan-Delane intentionally failed to include the first three pages of the sectional index which show that her ancestor sold his interest in the land. According to Lakeland Farms, its counsel, on numerous occasions, notified Labuzan-Delane of these omissions and requested that she voluntarily dismiss her lawsuit. Labuzan-Delane refused to dismiss her claim and Lakeland Farms contends that it has incurred attorney's fees and costs as a result of this lawsuit. Lakeland Farms takes the position that because it notified Labuzan-Delane, on numerous occasions, that her claim lacked merit and she refused to dismiss her claim, it is entitled to attorney's fees and other costs under the Act.

As noted above, on July 24, 2023, the Court entered its Order and Memorandum Opinion [93] dismissing Labuzan-Delane's ejectment claim. On August 7, 2023, Greenlee Family's counsel emailed Labuzan-Delane urging her to remove the cloud on the title in light of the Court's ruling. Subsequently, on August 9, 2023, the Cochran Defendants' counsel emailed Labuzan-Delane imploring her to do the same. On August 17, 2023, Labuzan-Delane responded via email to the Defendants stating that, "[I] will never sign any agreements to transfer my lands to you." [101], Ex. 6; [114], Ex. 3.

Importantly, the Act urges against mandating a *pro se* party to pay attorney's fees *unless the party reasonably knew their claim was not substantially justified.* The Court notes that at the time Labuzan-Delane initiated her lawsuit, she could have plausibly believed her claim was substantially justified. However, even granting her the benefit of the doubt, the Court finds any such plausible basis ceased after the Court entered its previous Order and Memorandum Opinion

[93]. In that ruling, the Court clearly articulated multiple reasons as to why Labuzan-Delane's arguments were inherently flawed. Counsel for the Defendants again requested that she voluntarily dismiss her claim. She again refused. At that time, Labuzan-Delane reasonable knew her claim was not substantially justified.

Although in a previous Order [121], the Court declined to impose sanctions against Labuzan-Delane, in large part because of her *pro se* status, the Court finds it appropriate to now impose monetary sanctions for the Defendants' incurred costs after August 7, 2023—the date that she was requested (again) via email to voluntarily dismiss her claim in light of the Court's summary judgment ruling.[4] Although the Defendants have submitted some expenses associated with this case, the Court finds that, in light of the ruling herein, the Defendants should be provided an opportunity to re-submit any fees and/or expenses that have been incurred *since August 7, 2023*. Taking this into account, the Defendants shall submit an itemized list of the fees that they have incurred after August 7, 2023 that they contend were incurred due to Labuzan-Delane's failure to dismiss her claim.

Moreover, the Court cautions Labuzan-Delane about her continued pursuits to acquire ownership of the subject land and engage in litigation regarding the same. The Court will order additional sanctions should Labuzan-Delane engage in such efforts. The Defendants are directed to advise the Court if Labuzan-Delane fails to comply with the Court's Order regarding the completion of deeds and/or other necessary documentation to remove the cloud on their titles. Should Labuzan-Delane refuse to comply, the Court will not hesitate to hold her in contempt and impose sanctions against her.

---

[4] The Court is cognizant that only Lakeland Farms requested to recover attorney's fees and other costs under the Mississippi Litigation Accountability Act. However, all of the Defendants requested to recover fees under both their slander of title and removal of cloud on title counterclaims. Therefore, the Court finds it appropriate to award damages to all of the Defendants.

*Conclusion*

For the reasons set forth above, the Defendants' Motions for Summary Judgment [101, 103, 114] are GRANTED. The Defendants shall immediately mail the quitclaim deeds to Labuzan-Delane and file proof on the docket once they have done so. Labuzan-Delane shall have twenty-one days (21) from the certified mail postage receipt to return the notarized deeds (and any other documentation) to the Defendants. The Defendants shall submit a list of their itemized fees that were incurred after August 7, 2023, within twenty-one (21) days of today's date.

SO ORDERED, this the 31st day of July, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE