IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JENNINE LABUZAN-DELANE                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO: 4:22-CV-149-SA-DAS

COCHRAN & COCHRAN LAND CO., INC.,
COCHRAN FARMS, INC., LAKELAND
FARMS, LLC, GREENLEE FAMILY, LLC,
JENNINGS FARMS, INC and
DAVID T. COCHRAN                                                                      DEFENDANTS

ORDER

Now before the Court is the Defendants' Joint Motion to Compel [139]. The Court need not recite in full detail the procedural posture and underlying facts of this case. But the upshot is that Jennine Labuzan-Delane, who is proceeding *pro se*, frivolously claimed that the Defendants were wrongfully occupying land that her ancestor, Charles A. Labuzan, acquired through a federal land patent. In a previous Order [124] dated July 31, 2024, the Court granted the Defendants' requests for summary judgment as to their claims that Labuzan-Delane had slandered their title and that she had improperly clouded their title to the land. *See* [124] at p. 5-6.

The Court then turned to an appropriate remedy and ordered as follows:

> Having resolved the claim, the Court turns to the issue of removing the cloud. First, the Court finds that the quitclaim deed filed on April 25, 2022 from Labuzan-Delane as grantor to herself as grantee is null and void. The Court further finds it appropriate for the Defendants to prepare separate quitclaim deeds in their favor for Labuzan-Delane to execute to be filed in the land records in Washington County, Mississippi. The Defendants shall prepare and mail, via certified mail, the deeds (and other documentation if appropriate) for Labuzan-Delane to execute. Once the Defendants mail the deeds, they shall file a Notice of Service indicating the same on the docket. Labuzan-Delane shall execute the deeds in front of a notary and return the deeds to the Defendants via certified mail within twenty-one (21) days of receipt.

[124] at p. 7-8.

The Court also directed the Defendants to "advise the Court if Labuzan-Delane fails to comply with the Court's Order regarding the completion of deeds and/or other necessary documentation to remove the cloud on their titles. Should Labuzan-Delane refuse to comply, the Court will not hesitate to hold her in contempt and impose sanctions against her." [124] at p. 10.

In their Joint Motion to Compel [139], the Defendants advise the Court that Labuzan-Delane has completely failed to comply with the Court's directives. In her Response [142], Labuzan-Delane contends that she was not obligated to comply with this Court's directive because her case was on appeal and this Court lacked jurisdiction over her.

Notably, in an opinion dated February 21, 2025, the Fifth Circuit affirmed this Court's ruling in all respects. *See* [138], Ex. 1. In particular, the Fifth Circuit concluded that "Labuzan-Delane does not explain how the evidence that the patent was recorded in 1919 disputes the evidence that the land was sold in 1848, and her remaining arguments about deficiencies in the defendants' evidence are nonsensical." *Id*. at p. 2-3. The Fifth Circuit additionally referred to Labuzan-Delane's claim as "meritless." *Id*. at p. 3. Labuzan-Delane sought to stay issuance of the Fifth Circuit's mandate—that relief was denied. *See Labuzan-Delane v. Cochran & Cochran*, Fifth Circuit Cause No. 24-60393 at Dkt. [55, 56]. She even filed an emergency application for stay pending disposition of petition for writ of certiorari in the United States Supreme Court. *See Labuzan-Delane v. Cochran & Cochran*, Supreme Court Cause No. 24A1152. That application was denied on June 4, 2025.

Labuzan-Delane's claims and her requests for relief have been denied at every turn. She is in contempt of this Court's previous Order [124]. Nonetheless, the Court will provide her one *final* opportunity to comply. The Defendants are hereby directed to once more mail via certified mail

2

the deeds (and other documentation if appropriate) to Labuzan-Delane. She shall have three business days from the date of receipt to complete the documentation before a notary and mail the deeds (and other documentation if needed) back to the Defendants. She shall communicate with the Defendants when she mails the documents. The Defendants are hereby ordered to file an update with the Court fourteen days from today's date as to the status of Labuzan-Delane's compliance or lack thereof.

Should Labuzan-Delane fail to fully comply, the Court will proceed with contempt proceedings against her, including potential imprisonment for civil contempt. The Court intends to act swiftly in this matter, and Labuzan-Delane is specifically advised that the Court will not tolerate any further noncompliance.

The Court also notes that Labuzan-Delane is not registered to receive electronic notice of filings in the case. Thus, all filings have been mailed to her at 410 Stableford Court, Athens, GA 30607 (the address on file, which she provided). Some of the recent filings that have been mailed to Labuzan-Delane at that address have been returned as undeliverable. *See* [134, 135, 137]. Although Labuzan-Delane has not updated her address on file in this case as required, the Court notes that the return address listed on the envelope on some of her recent filings is 196 Alps Road Suite 2, Athens, GA 30606. That same address is listed as her address on the docket in her filing at the United States Supreme Court.

In an effort to ensure that there is no confusion as to Labuzan-Delane having received notice of this Order and the Court's directive herein, the Clerk of Court is directed to mail a copy of this Order to both of those addresses. In mailing the necessary documents to Labuzan-Delane, the Defendants shall also mail them to both addresses. Labuzan-Delane shall advise the Court of her current address immediately.

The Motion to Compel [139] is GRANTED. The Motions for Attorneys' Fees [140, 141] are DENIED *without prejudice*. The Court intends to award attorneys' fees in favor of the Defendants but desires for an award to be all-inclusive of the expenses incurred, including those related to the additional directives set forth herein.

SO ORDERED this the 28th day of July, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE