IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JENNINE LABUZAN-DELANE                                              PLAINTIFF

v.                                              CIVIL ACTION NO: 4:22-CV-149-SA-DAS

COCHRAN & COCHRAN LAND CO., INC., et al                            DEFENDANTS

ORDER

This cause comes before the Court on its own initiative. Jennine Labuzan-Delane, who is proceeding *pro se* in this litigation, has failed to comply with this Court's directives on multiple occasions. The Court now addresses her noncompliance.

*Background*

On September 23, 2022, Jennine Labuzan-Delane, who again is proceeding *pro se*, initiated this lawsuit by filing her Complaint [1]. She later filed an Amended Complaint [41], which is the operative complaint. She named the following Defendants: Cochran & Cochran Land Co., Inc.; Cochran Farms, Inc.; Lakeland Farms, LLC; Greenlee Family, LLC; Jennings Farms, Inc.; and David T. Cochran.

The crux of Labuzan-Delane's grievance was that the Defendants had been and were presently "unlawfully possessing" certain real property located in Washington County, Mississippi, that she believed belonged to her. [41] at p. 7-8. She contended that she had "superior title" to the land "based upon a United States Federal Land Patent, pursuant to the Act of Congress of the 24th of April, 1820. The said Federal Land Patent was issued to three individuals on December 10, 1840, including [her] direct ancestor, Charles A. Labuzan, [from] which [Labuzan-Delane] succeeded . . . ownership." *Id*. at p. 7. In her Amended Complaint [41], Labuzan-Delane

asserted a claim for ejectment, requesting that the Court recognize her as the rightful owner of the property.

For their part, the Defendants have consistently maintained that Labuzan-Delane's theory is inherently flawed because Labuzan-Delane's ancestor, Charles Labuzan, conveyed his interest in the property via warranty deed to Merchants Bank of New Orleans dated March 20, 1848. Labuzan-Delane apparently acknowledges as much but has contended that Charles Labuzan's signature on that 1848 deed was forged.

In their respective Answers [46, 52, 54], all of the Defendants brought counterclaims against Labuzan-Delane, including claims for slander of title, removal of cloud on title, adverse possession, violations of the Mississippi Litigation Accountability Act, and requests for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Defendants' requests stemmed, at least in part, from Labuzan-Delane's filing of a quitclaim deed conveying the subject property from herself as grantor to herself as grantee in April 2022—approximately five months prior to commencing this litigation.

On July 24, 2023, the Court issued an Order and Memorandum Opinion [93], wherein it granted the Defendants' requests for summary judgment in their favor on Labuzan-Delane's ejectment claim. Labuzan-Delane filed a Notice of Appeal [94]. However, the Fifth Circuit dismissed the appeal for want of jurisdiction on August 28, 2023. *See* [100].

Thereafter, on July 31, 2024, this Court entered a separate Order and Memorandum Opinion [124], at which time the Court granted summary judgment in the Defendants' favor on their counterclaims against Labuzan-Delane. Of particular importance here, after ruling in the Defendants' favor, the Court turned to an appropriate remedy to remove the cloud on the Defendants' title to the subject property. Specifically, the Court held:

> Having resolved the claim, the Court turns to the issue of removing the cloud. First, the Court finds that the quitclaim deed . . . from Labuzan-Delane as grantor to herself as grantee is null and void. The Court further finds it appropriate for the Defendants to prepare separate quitclaim deeds in their favor for Labuzan-Delane to execute to be filed in the land records in Washington County, Mississippi. The Defendants shall prepare and mail, via certified mail, the deeds (and other documentation if appropriate) for Labuzan-Delane to execute. Once the Defendants mail the deeds, they shall file a Notice of Service indicating the same on the docket. Labuzan-Delane shall execute the deeds in front of a notary and return the deeds to the Defendants via certified mail within twenty-one (21) days of receipt.

[124] at p. 7-8.

Despite the Court's clear directive that Labuzan-Delane execute quitclaim deeds in favor of the Defendants (and the Defendants' compliance with the directive to mail deeds to her for execution), she did not comply. Instead, she filed a second Notice of Appeal [129]. This appeal was, like the first one, unsuccessful. On February 21, 2025, the Fifth Circuit issued a per curiam opinion affirming this Court's decision in full. As to the merits of the case, the Fifth Circuit noted that "Labuzan-Delane does not explain how the evidence that the patent was recorded in 1919 disputes the evidence that the land was sold in 1848, and her remaining arguments about deficiencies in the defendants' evidence are nonsensical." [138], Ex. 1 at p. 2-3. The Fifth Circuit panel went on to affirm this Court's decision to award costs and fees against Labuzan-Delane, noting that this Court "acted within its authority by warning Labuzan-Delane that she will face additional sanctions if she continues to pursue the meritless claim." *Id*. at p. 3. Undeterred, Labuzan-Delane sought relief in the United States Supreme Court. That avenue was also unsuccessful, as two emergency stay applications and her petition for writ of certiorari were denied. *See* United States Supreme Court Cause Nos. 24A1152 and 25-140.

Reverting to the proceedings in this Court, on July 28, 2025, the Court entered an Order [147] granting the Defendants' Joint Motion to Compel [139]. In that Order [147], the Court issued an additional directive to Labuzan-Delane:

> Labuzan-Delane's claims and her requests for relief have been denied at every turn. She is in contempt of this Court's previous Order [124]. Nonetheless, the Court will provide her one *final* opportunity to comply. The Defendants are hereby directed to once more mail via certified mail the deeds (and other documentation if appropriate) to Labuzan-Delane. She shall have three business days from the date of receipt to complete the documentation before a notary and mail the deeds (and other documentation if needed) back to the Defendants. She shall communicate with the Defendants when she mails the documents. The Defendants are hereby ordered to file an update with the Court fourteen days from today's date as to the status of Labuzan-Delane's compliance or lack thereof.
>
> Should Labuzan-Delane fail to fully comply, the Court will proceed with contempt proceedings against her, *including potential imprisonment for civil contempt*. The Court intends to act swiftly in this matter, and Labuzan-Delane is specifically advised that the Court will not tolerate any further noncompliance.

[147] at p. 2-3 (emphasis added).

Labuzan-Delane once again failed to comply. On August 12, 2025, the Court issued an additional Order [150], wherein it noted that "Labuzan-Delane has wholly failed to comply with the Court's directives and, to be candid, has attempted to defy the Court's authority." [150] at p. 1. The Court directed Labuzan-Delane to appear before the Court on August 26, 2025 "to execute the applicable documents in the presence of this Court and show cause as to why sanctions should not be imposed against her." *Id*. The Court again warned Labuzan-Delane that failure to comply would result in the issuance of a bench warrant for her arrest. Yet again, Labuzan-Delane did not comply—she altogether failed to appear for the hearing. At the hearing, the Court made a record of Labuzan-Delane's continued noncompliance.

4

On December 3, 2025, the Court entered another Order [163] setting a telephonic status conference to be held on December 16, 2025. Notably, the day before the hearing, Labuzan-Delane submitted a Position Statement [164]. In that filing, Labuzan-Delane made clear that she would not sign any documentation related to the property, including the quitclaim deeds, as the Court had previously ordered.

The Court convened the status conference as scheduled on December 16, 2025. Labuzan-Delane, along with counsel for all Defendants, participated. During that conference call, Labuzan-Delane again advised the Court that she has no intention of signing the documents as ordered. The Court offered Labuzan-Delane an opportunity to speak with an attorney to review the underlying documents in this case and advised Labuzan-Delane that her continued failure to comply would likely result in her arrest. Labuzan-Delane declined the Court's invitation to provide her with a chance to speak to counsel and again reiterated that she would not be signing any documentation related to the subject property.

Labuzan-Delane provided the Court information about her present living arrangement, including her address.

*Analysis and Discussion*

At this point, the Court has been extremely patient with Labuzan-Delane and provided her every possible opportunity to comply with its directives. She has left this Court with no option but to hold her in contempt.

"Courts have the inherent power to enforce compliance with their lawful orders through civil contempt." *United States v. Smith*, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018) (quoting *United States v. Latney's Funeral Homes, Inc.*, 41 F. Supp. 3d 24, 29 (D.D.C. 2014); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966)).

5

"A party commits contempt when [she] violates a definite and specific order of the court requiring [her] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Ben E. Keith Co. v. Boston Market Corp.*, 2024 WL 5424153, at *2 (N.D. Tex. July 9, 2024) (quoting *Hornbeck Offshore Servs., LLC v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013)). "To hold an individual in civil contempt, 'it must be found by clear and convincing evidence that (1) a court order was in effect, (2) the order required specific conduct by the respondent, and (3) the respondent failed to comply with the court's order.'" *Id.* (quoting *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004)) (internal quotation marks omitted).

Although district courts maintain broad discretion in assessing sanctions to protect the sanctity of its orders, "in selecting the appropriate contempt sanction, a court is obliged to use the least possible power adequate to the end proposed." *Id.* (quoting *Allstate Settlement Corp. v. Doucette*, 2016 WL 3346531, at *3 (S.D. Tex. June 16, 2016); *Spallone v. United States*, 493 U.S. 265, 276, 110 S. Ct. 625, 107 L. Ed. 2d 644 (1990)) (internal quotation marks omitted). Since civil contempt sanctions are only intended to be "coercive and avoidable through obedience, the respondent should be able to avoid the sanctions by promptly complying with the court's order[.]" *Id.* (quoting *Smith*, 2018 WL 4524123 at *7) (additional citation and internal quotation marks omitted).

Initially, as to the three required findings for civil contempt, the Court finds there is ample evidence in the record to illustrate that (1) multiple Court orders directing Labuzan-Delane to execute the relevant quitclaim deeds were in effect, (2) those orders required specific conduct by Labuzan-Delane (particularly, execution of the quitclaim deeds), and (3) she failed to comply with the directives. As noted previously, the Court has taken numerous steps to ensure Labuzan-

6

Delane's notice of the directives placed upon her. She admitted to knowledge of the same during the Court's December 16, 2025 telephonic status conference. She simply remains adamant that she will not comply with the Court's directives. Put simply, there is no legitimate dispute that Labuzan-Delane is in contempt.[1]

In determining an appropriate sanction to address Labuzan-Delane's contempt, the Court finds that the issuance of a bench warrant for Labuzan-Delane's arrest is the least restrictive sanction to achieve compliance. The Court has attempted to achieve compliance through less restrictive means, such as written explanations in various Orders, a verbal explanation during the recent telephonic status conference, and threats of the imposition of attorneys' fees and costs against Labuzan-Delane should she fail to comply. None of these avenues have been successful. Therefore, the Court finds it appropriate to issue a bench warrant for Labuzan-Delane's arrest.[2]

"An arrest warrant that is issued to force a litigant to comply with court orders rather than to punish the litigant is a proper civil contempt sanction." *Doucette*, 2016 WL 3346531 at *3 (citing *Carr v. Capital One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012)). The Court's issuance of a bench warrant in this case is consistent with this authority, as the Court's sole purpose for issuing the warrant is to achieve compliance.

Ultimately, this is not a matter the Court takes lightly. But the Court has been left with no alternative but to order Labuzan-Delane's arrest. As noted previously, the Fifth Circuit has affirmed this Court's ruling on the merits of the claim, and the Supreme Court has denied her

---

[1] The Court makes this finding while acknowledging that Labuzan-Delane is a *pro se* litigant and therefore entitled to *some* leniency. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"). Labuzan-Delane's *pro se* status does not negate the obligation to comply with the most fundamental of orders—particularly when considered in light of the extensive leniency that this Court has already extended to her.

[2] In the recent status conference, the Court offered Labuzan-Delane the opportunity to self-report to the United States Marshals Service. She declined.

requests for emergency relief and her petition for a writ of certiorari. Thus, she has exhausted all potential appeal avenues in this case—yet she *still* refuses to comply with the Court's directives. Efforts to achieve compliance through less severe avenues have been unsuccessful. The issuance of a bench warrant is appropriate.

*Conclusion*

For the reasons set forth herein, the Court holds Jennine Labuzan-Delane in civil contempt for failure to comply with multiple Orders [124, 147, 150]. The Court therefore ISSUES a bench warrant for Labuzan-Delane's arrest. The United States Marshals Service SHALL arrest Labuzan-Delane as soon as reasonably practicable.

Upon arresting Labuzan-Delane, the United States Marshals Service shall bring her before the nearest United States Magistrate Judge. The Magistrate Judge shall identify Labuzan-Delane as the individual subject to arrest for civil contempt. Because Labuzan-Delane has repeatedly refused to comply with court orders, the Magistrate Judge SHALL NOT release Labuzan-Delane. After the Magistrate Judge has confirmed Labuzan-Delane's identity, the United States Marshals Service shall bring her to the Northern District of Mississippi so that she can appear before the undersigned. Should Labuzan-Delane comply with the Court's directives to sign the quitclaim deeds, the Court will arrange for her release. This CASE is CLOSED.

SO ORDERED this the 31st day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

8